# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER H. BURCH, | CASE NO. 1:08-cv-00508-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. HARTLEY, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Christopher H. Burch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 14, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.    Plaintiff's Claim**

12    Plaintiff is currently housed at the California Correctional Institution in Tehachapi. Plaintiff
13 seeks to hold Defendants Ellen A. Greenman, James A. Hartley, Dr. Green, Dr. Neraddy, Dr.
14 Castillo, Steven Ritter, and Larry Lyle liable under section 1983 for violating his rights under the
15 Eighth Amendment of the United States Constitution. The named defendants are employed at
16 Avenal State Prison in Avenal and Richard J. Donovan Correctional Facility ("RJD") in San Diego.
17 Plaintiff alleges that he was denied combination therapy for his liver disease, and seeks an injunction
18 mandating medical treatment immediately commence.

19    Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of
20 state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter,
21 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that
22 person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act
23 which [that person] is legally required to do that causes the deprivation of which complaint is
24 made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite
25 causal connection can be established not only by some kind of direct, personal participation in the
26 deprivation, but also by setting in motion a series of acts by others which the actor knows or
27 reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting
28 Johnson at 743-44). "[T]here is no pure *respondeat superior* liability under § 1983, [and] a

2

supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff's exhibits establish that he sought and was denied combination therapy for his HCV (Hepatitis C Virus) because he is not currently eligible for the therapy based on his liver biopsy results. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and Plaintiff's complaint sets forth nothing more than a disagreement with the decision of prison officials to deny his request for combination therapy. That disagreement does not support a claim that any of the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

### III. **Conclusion and Order**

Plaintiff's complaint does not state a claim for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint, in the event that Plaintiff is able to cure the deficiencies identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1    Venue for Plaintiff's claims arising from events at RJD is proper in the Southern District of
2 California, and those claims may not be litigated in this action. In amending, Plaintiff shall omit his
3 claims against RJD staff and amend only those claims against Avenal staff. See Costlow v. Weeks,
4 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis
5 v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding
6 severance).
7    Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second
8 amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
9 complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
10 each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
11 rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be
12 [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
13 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
14    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
15 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
16 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
17 pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original
18 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
19 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
20 1474.
21    Based on the foregoing, it is HEREBY ORDERED that:
22    1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
23    2.   Plaintiff's complaint is dismissed for failure to state a claim upon which relief may
24         be granted under section 1983, with leave to file an amended complaint within **thirty**
25         **(30) days** from the date of service of this order; and
26 ///
27 ///
28 ///

3. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **October 1, 2008**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE